237 F.3d 185 (2nd Cir. 2001)
 DAVID McCLARY, Plaintiff-Appellee,
v.
WALTER R. KELLY; PHILIP COOMBE, Acting Commissioner, Department of Correctional Services, Defendants,
THOMAS A. COUGHLIN, III; ALBERT HALL; FRANK E. IRVIN, Superintendent of Wende Correctional Facility; RICKY BRANNING, Deputy Superintendent for Security, Defendants-Appellants.
 Docket No. 00-0143
August Term, 2000
 UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
 Argued: December 19, 2000
Decided: January 11, 2001
 
 Plaintiff, an inmate in the New York State prison system serving a felony sentence, sued prison administrators, alleging (inter alia) that administrators failed to provide legally required periodic review of his confinement in administrative segregation. The United States District Court for the Western District of New York (Jonathan W. Feldman, Magistrate Judge) entered judgment for plaintiff after a jury verdict in plaintiff's favor. The Court of Appeals affirmed.
 Judgment affirmed.
 ANNA MARIE RICHMOND, ESQ., The Western New York Law Center, Inc., Buffalo, N.Y., for appellee.
 MARTIN A. HOTVET, Assistant Solicitor General (Daniel Smirlock & Peter H. Schiff on the brief), Albany, N.Y., for appellant.
 Before: MESKILL, LEVAL, and CALABRESI, Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiff, a prisoner in the New York State prison system serving a felony sentence, was held for an extensive period in administrative segregation in three different institutions. On a jury verdict finding that the prison system gave no periodic review (that was not found to be a sham) of his administrative segregation status, plaintiff was awarded damages. Defendants claim that they are entitled to qualified immunity.
 
 
 2
 Hewitt v. Helms, 459 U.S. 460, 477 n.9 (1983), instructs that "[p]rison officials must engage in some sort of periodic review of the confinement of . . . inmates [in administrative segregation]." Defendants contend that the jury's finding should be set aside and a new trial ordered because there were deficiencies in the conduct of the trial, including improper charges on certain questions to the jury. While some of defendants' arguments are not insubstantial, they were not clearly or properly brought to the trial judge's attention.
 
 
 3
 As plaintiff acknowledges, this case depends on its own particular facts. We find no grounds for reversal. The judgment of the district court is therefore AFFIRMED.